### *SUAREZ vs. DURALDE.*

In a contract to build, when a plan is furnished and referred to in the contract, the undertaker is governed by the plan.

A plea in reconvention, need not be answered in writing.

An architect may be examined, as to the usage of the trade, under a contract to build; but he cannot give his opinion as to the construction of the contract.

APPEAL from the court of the parish and city of New-Orleans.

The plaintiff, a master workman, having contracted to build for the defendant, brought this suit to recover the balance of the price agreed upon; and a further sum, for extra and additional work done upon the premises.

Eastern District.
*May,* 1830.

SUAREZ
*vs.*
DURALDE.

The defendant denied being indebted in any manner to the plaintiff, or that any work was done upon the premises not contemplated by the contract; and further, that by reason of the plaintiff's non-compliance with his engagement, he had sustained heavy damages, which he claimed in reconvention.

It appeared from the contract, entered into on the 21st day of December, 1827, that the plaintiff undertook to erect for the defendant two brick buildings, of the extent, depth and front, as designated on a plan signed by both parties and referred to in the contract. On this *plan* the back buildings were described, but no allusion was made to them in the contract. The plaintiff erected back buildings, which were proved to be worth two thousand five hundred dollars.

The front buildings were to be completed and delivered on the 1st day of May, 1828.— They were not delivered until October, and then in an unfinished state. The city surveyor and a number of architects examined the buildings, and pronounced them defective. To put them in tenantable repair, Brand, a master workman, estimated the cost at one thousand eight hundred and eighty dollars. There was

judgment for the defendant for one thousand four hundred dollars, and the plaintiff appealed.

*Conrad* for appellant.

1. The court *a quo* erred, in allowing witnesses to be examined on the meaning and interpretation of the contract.

2. The verdict of the jury, was clearly contrary to the evidence of the case and to law.

PORTER, J. delivered the opinion of the court. The plaintiff contracted with the defendant to build for him two houses, and brings this action for the balance of the price agreed on, as well as for the value of additional work done. The defendant avers, that the buildings were not erected according to contract, and denies the fact of any thing, not included in the original agreement, being executed by the plaintiff. The answer concludes by a prayer in reconvention.

The cause was submitted to a jury in the court below, who found a verdict in favor of the defendant for one thousand four hundred dollars, which was confirmed, notwithstanding an effort on the part of the plaintiff to obtain a new trial. He appealed.

From the pleadings, as already noticed, it appears, that the matters in dispute between the parties, were first, whether any part of the work done by the plaintiff was exclusive of the written contract, and second, whether that part of it which is confessedly within the agreement was faithfully and properly executed.

Eastern District.
May, 1830.

SUAREZ
vs.
DURALDE,

For a proper understanding of the first question, reference must be had to the original contract, which was reduced to writing: by it, the plaintiff contracted to build " *two houses in brick, each of two stories in height, of the extent, and depth, and form, designated in the plan agreed by the parties, and identified with these presents by the signature of both.*" In another part of the contract it is stated, that the buildings are to be so completed, that " *on his, the said Suarez, at the time prefixed, handing the key to the said Duralde, the latter may be enabled forthwith to enter, occupy or lease, each building, without any thing more necessary being to be done to either of said buildings, inclosures, or yards.*"

On the plan thus made, a part of the contract, back buildings, embracing a kitchen

Eastern District. and servants' rooms, are marked as annexed
May, 1830. to the main edifice. But in the description of
SUAREZ the manner in which the house should be
vs.
DURALDE. erected, the size of the rooms, the placing of
dormant windows, &c. nothing is said which
can be considered as applicable to the back
buildings; on the contrary, every thing spe-
cified in relation to the mode in which the
work was to be performed, applies exclusively
to the front, or main edifice.

Testimony was offered and received from
a number of master workmen, to shew how
they would understand such a contract.—
Some swore they would consider themselves
bound to perform the work, according to the
plan. Others said, they would not. The jury,
by their verdict, seem to have adopted the in-
terpretation of the former, and there can be
no doubt they decided correctly. The plan,
when referred to, and incorporated with the
In a contract written contract, *made a part of it*, and the
to build, when a
plan is furnished plaintiff, in agreeing to build a house ac-
and referred to
in the contract, cording to that plan, was as fully bound to
the undertaker is
governed by the build every thing specified in it, as if he had
plan.
expressed his engagement in words. The
failure to state how such work was to be per-
formed, cannot discharge him from his obli-

gation.  As that part of the building was des-

tined for servants' rooms and a kitchen, which
in general do not require any thing particular
in their construction, the presumption is, the
parties understood they were to be put up in
the ordinary way.  But be the reasons what
they may, for nothing being said in relation to
this part of the edifice, on no rule of construc-
tion can the omission to express, in a con-
tract, how work is to be done, release the
party who has engaged to do that work, from
a performance of it.  By one of the rules for
the interpretation of agreements, given in the
Code, it is enacted that "when the intent of
the parties is doubtful, the construction put
on it by the manner in which it is executed
by both, or by one with the express or implied
assent of the other, furnishes a rule for its
interpretation."  In this instance, the plain-
tiff erected the back building without ever
stating to the defendant, that it was not in-
cluded in the original agreement.  Such con-
duct, on his part, would present a formidable
objection to the interpretation he now gives
to the contract, if its terms were doubtful.  But
we do not consider them so.  We think they

Eastern District.
*May*, 1830.

SUAREZ
*vs.*
DURALDE.

*A plea in re-convention need not be answered in writing.*

clearly embraced every thing specified in the plan. *Louisiana Code*, 1951.

It has been argued in this court, that the cause was tried without issue being joined; no answer having been put in to the demand in reconvention. But it has not been the practice in our courts, so far as it has come under our notice, to answer such pleas in writing. They are considered to stand in the same way, as any other matter which is pleaded in avoidance: that is, denied. The 328th and 329th articles of the *Code of Practice*, sanctions this mode of proceeding. The first permits the defendant to allege new facts in his answer, and make an incidental demand; and the latter declares, that in such case they shall be considered as denied by the plaintiff.

*An architect may be examined as to the usage of the trade under a contract to build, but he cannot give his opinion as to the construction of the contract.*

In the court below, an objection was made to the introduction of architects and builders, to prove their understanding of the contract, and it has been renewed here, and much discussed. We think the evidence should not have been received. The witness might have been asked, what was the usage of the trade under such agreements, but he could not give his opinion as to the construction which

should be given to the writing. That was the province of the court and jury. But as we are satisfied the opinion given by the witness, was the construction which the law puts on the instrument, we cannot remand the cause on that ground.—*Douglass' Rep.* 527. *Starkie on Ev.* 1736, *in note.*

The plaintiff offered testimony, to prove that the work done was worth more than the price stipulated in the contract: his avowed object in offering it, was to show to the jury that his interpretation of the contract was correct. Believing as we do, the contract to be clear and unambiguous, we think such evidence was admissible.

We think the damages given by the jury are not too high, that they conform to the evidence, and it is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.