HUNTER vs. SPURLOCK.

WESTERN DIST.
October, 1831.

HUNTER
vs.
SPURLOCK.

3  97
115  834

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE DISTRICT PRESIDING.

A note payable in cotton, at some convenient gin, if no particular gin or place is agreed on, must be demanded at the domicil of the debtor.

A demand on the debtor to put him *in mora*, does not require that the notice should be personal. It is sufficient that the protest or demand in writing be left at his domicil.

It is not necessary that the demand be made on the debtor the day the note falls due, to put him *in mora*, or to give effect to the obligation.

In a suit on a note payable in cotton, it is sufficient to set out the note and the breach of the contract arising on it, to enable the plaintiff to recover the value of the cotton as damages.

It is not required that an answer containing a demand in re-convention should be served on the plaintiff. The latter is in court, and is bound to take notice of the issues the law raises without an answer.

The plaintiff, as assignee of one Stephen Tippett, sued the defendant on a note, dated 5th October, 1827, for fifteen bales of cotton, each weighing four hundred pounds, given for one of the instalments of the purchase of a tract of land, on which the vendor's privilege was retained. He claims seven hundred dollars damages for the non-performance of the obligation, and interest from the time it became due, until paid; and that his privilege or mortgage on the land be recognised and enforced.

The defendant pleads a general denial; and alleges the obligation sued on was given in part for the purchase of a tract of land on which he resides, but that since the sale to him he has been sued by one Wall, which suit is yet pending; is in danger of being evicted and ought not to be compelled to pay until the fate of this suit is decided. In an amended answer the defendant alleges the suit brought by Wall against him is an action of boundary, which if successful will greatly diminish the quantity, and consequently diminish the price more than the sum now claimed. He claims this diminution in reconvention, and prays that all the titles and matters in dispute may be investigated, &c.

13

Before answering in chief, the defendant excepted to answering: 1. On the ground that no demand had ever been made of him for the cotton claimed in discharge of the obligation sued on. 2. That the plaintiff had mistaken his remedy: It should be an action for damages.

The exceptions were overruled.

The plaintiff had judgment for five hundred and seventy-two dollars, with legal interest from the first of March, 1830. The defendant appealed.

*Winn*, for the plaintiff, contended:

1. That the plaintiff had a right to demand payment of the notes of the defendant as soon as they became due and payable; and if not paid in cotton as stipulated, he had a right to demand the value in money as damages.

2. The defendant sets up a petitory action against him, and pleads that he is disturbed in his title, and in danger of eviction; to which we reply, that we have a right to judgment in accordance with the provisions of the code, which has been allowed to him. *Louisiana Code, article* 2535–6.

*Flint*, for defendant.

1. The judgment of the District Court was erroneously given: 1. Because it allows a lien or privilege on the land, which cannot be done when the party has not chosen to demand the payment of the cotton notes, but has elected the alternative claim for damages, for the non-delivery of the cotton.

2. The claim for damages is entirely personal, and different in its nature from the primary obligation of the defendant to deliver cotton.

3. The judgment ought to be reversed, because it decrees the amount of damages to be made and deposited with the clerk of the court under article 2535 of the Louisiana Code, which article evidently applies to the price in a contract of sale, and not to damages for the non-delivery of the thing exchanged.

*Porter, J.* delivered the opinion of the court.

This action is brought on a promissory note executed by the defendant, and payable to one Tippett, who endorsed it to the plaintiff. It is for the delivery of a certain quantity of cotton, and was given in part payment of a tract of land which the maker bought from the payee. As it contains an obligation for property, and not for money, it is not governed by the rules applicable to paper negotiable by the commercial law. The defendant has therefore set up the equitable defences which he might have had against the payee ; and in an original and amended answer he has pleaded :

1. That the note was given in consideration of a tract of land, which he bought of S. Tippett; that since the sale, one Wall has instituted a suit against the respondent, which is still pending, and which has for its object to evict him of a considerable portion of the land.

Previous, however, to going into the merits, two exceptions filed to the petition and overruled in the inferior court must be disposed of. They are as follow :

1. That the defendant had not been put *in mora* by a demand of the cotton; and 2, That the action should have been in damages.

The contract stipulates that the cotton shall be delivered at some convenient gin. It is not shown that any was fixed on by the parties. The place of payment was not determined, but determinable by the contract. And as none was afterwards agreed on, there was none specified ; and the case is thus presented, in which demand must be made at the dwelling of the debtor. See *Louisiana Code, article* 2153. It has been objected that the protest of the notary shows that no personal demand was made on the obligor. We think it was sufficient to leave the demand in writing at the domicil of the debtor ; and we do not see any sound reason for distinguishing between this case and a demand on a bill of exchange or promissory note for the payment of money. The article 1905 of the code, which treats of the manner a debtor is to be put *in mora*, does not require the notice to be personal.

*A note payable in cotton, at some convenient gin, if no particular gin or place is agreed on, must be demanded at the domicil of the debtor.*

*A demand on the debtor to put him in mora, does not require that the notice should be personal. It is sufficient that the protest or demand in writing be left at his domicil.*

HUNTER
vs.
SPURLOCK.

It is not necessary that the demand be made on the debtor the day the note falls due, to put him *in mora*, or give effect to the obligation.

It was objected that demand should have been made on the very day the note became due, and could not be made after. We did not understand from the argument the precise object of such an objection. We do not suppose counsel intended to urge that the obligation was discharged because payment was not demanded the day it became due. If he did, it is almost unnecessary for us to say that such a position is as unsupported by law as it is repugnant to every idea of equity and justice.

That in relation to the form of the petition; that it should have been an action for damages, and not such a suit as is brought, is pretty much of the same character as that just disposed of. The petition states the contract ; its breach, and that by reason thereof the petitioner has sustained damages to the amount of seven hundred dollars. Judgment is prayed for that sum ; that is for seven hundred dollars damages. We should suppose this ought to satisfy any desire the defendant may have to be sued for damages.

In a suit on a note payable in cotton, it is sufficient to set out the note and the breach of the contract arising on it, to enable the plaintiff to recover the value of the cotton as damages.

It is not required that an answer containing a demand in re-convention should be served on the plaintiff. The latter is in court, and is bound to take notice of the issues the law raises without an answer.

Another matter was offered in argument which must be noticed before we can reach the merits. A demand in reconvention in the form of an exception, (to use the language of the Code of Practice) was pleaded in the answer to the merits. The appellant complains that his demand was never served on the plaintiffs, and that they put in no answer to it. If it were necessary to make such service, and to have an answer filed, it was the defendant's duty to see that the citation, and copy of his claim in reconvention, were put in the hands of the proper officer. And when the plaintiff was before the court, it was his duty to take a judgment of default, if the law required it ; and he could not now delay the plaintiff by an averment of negligence on his part. But neither the one nor the other was necessary. The plaintiff, who is in court, is bound to take notice of the demand in reconvention, and the law raises an issue on that demand without an answer in writing. 1 *Louisiana Reports*, 260.

The evidence shows that a suit is pending and undecided, in which a third person sets up title to a portion of the land which the defendant purchased. In such a case the law

provides, that the seller may give security, or compel the buyer to deposit the price.    This the judge by his judgment directed; and in so doing we are of opinion he committed no error.   *Louisiana Code*, 2535–6.

The appellee has prayed that the judgment be amended as to the amount of damages : but we think they were correctly estimated.    Ten per centum damages are prayed for the frivolous appeal.    But we do not think this a case in which they should be granted.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.