Statement of the Case.
MONROE, C. J.
N. Batson, a resident of Mississippi, brought suit in the district court, by attachment, against the Stewart-Bell Lumber Company, formerly a commercial partnership which, with its members, were domi- | ciled in Mississippi, the property attached be *543 ing certain timber found within the jurisdiction of the court. Miss Matilda Burge, also a resident of Mississippi, intervened, claiming ownership of the timber. On the trial, it was found that the partnership which had existed between the defendants had been dissolved; that only one of them had been cited; that no curator ad hoc had been appointed to represent the others; and that the timber belonged to the intervener. Thereupon there was judgment in her favor, and the suit was dismissed as to all of the defendants, and plaintiff appealed to the Court of Appeal. In the meanwhile the timber was sold, by consent, and the proceeds were deposited in the registry of the court; and, pending the appeal, Miss Burge brought this suit against Batson and against Salmen, the surety on the attachment bond, for damages alleged to have been sustained by reason of the wrongful seizure of her property. Sal-men, a resident of the parish, was cited, but as to him the suit was dismissed. A curator ad hoc was named by the court to represent Batson, a nonresident; but no notice of his appointment was- given to the attorney so named, and no citation was served, either upon him or his client. Thereafter the Court of Appeal .affirmed the judgment appealed to it, save as to the member of the defendant firm who had been cited personally, and had appeared, against whom it rendered judgment as prayed for, and the proceeds of the timber, less certain costs and charges, were paid over to Miss Burge, and later still the district court gave judgment in this suit, in confirmation of default, against Batson, for $2,680.90, with interest, and he has appealed.
Opinion.
The judge a quo appears to have confounded the rights of an intervener with those of a defendant reconvener, and to have overlooked -the fact that -the judgment by default had been entered against the nonresident defendant, though the person named as curator ad hoc to represent him had not been notified of his appointment, and neither he nor his client had been cited.
But “the plaintiff who is in court is bound to take notice of the demand in reeonvontion, and the law raises an issue on that demand, without an answer in writing.” It is not required, therefore, that an answer containing a reconventional demand should be served' on the plaintiff. Hunter v. Spurlock, 3 La. 100, 22 Am. Dec. 165; Suarez v. Duralde, 1 La. 266; Spalding, etc., v. Wallett & Cohen, 10 La. Ann. 105; C. P. arts. 328, 329. On the other hand, C. P. art. 393, requires the petition of intervention to be “served on the party against whom it is directed, in order that he may answer to the same in tlio delay given in ordinary suits’,” and when it is not put at issue by proper service, no evidence is admissible in its support. Garland’s Code of Practice, pp. 305, 306, and authorities there cited. Where, however, a defendant, who has a claim which he might set up by way of reconvention prefers to assert it by an ordinary and independent action, he must proceed as in any other ordinary action, and, even though he were to cite a curator ad hoc appointed to represent an absent defendant, he would not be entitled to a judgment save to the extent of the property of such defendant, which had been-taken into possession of the court; and, one who, like the plaintiff herein, has, intervened in a pending suit, and obtained judgment, and then sets up another demand against one of the parties to such suit, in a separate action, is assuredly in no better position.
It is therefore ordered that the judgment appealed from be set aside, and that there now be judgment in favor of defendant, rejecting plaintiff’s demands and dismissing this suit at her cost in both courts.